**Kate O'Rourke, Administratrix, Plaintiff in Error, v. Louisville & Nashville Railroad Company, Defendant in Error.**

1. Carriers, § 289*—*what care required as to intoxicated passenger*. Where a railroad company abandons an intoxicated passenger at a dangerous place on its platform, the degree of the passenger's incapacity from drunkenness controls the question of due care or negligence of both parties.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

Vol. CLXXXIII 38

2. CARRIERS, § 430*—*when intoxication is not contributory negligence.* Where a railroad company abandoned a passenger at a dangerous place on its platform while the passenger was in such a mental state of intoxication as to be incapable of caring for himself, the question of contributory negligence is not involved.

3. CARRIERS, § 452*—*when declaration for death of intoxicated passenger is sufficient.* In an action for the death of an intoxicated passenger from the negligence of a railroad company, a declaration stating in effect that the passenger was, through intoxication, so bereft of reason that he was without intelligence to care for himself and while in that condition and known by defendant to be in that condition was abandoned in a known place of danger, where injury would be likely to result, and that by reason thereof he was killed, states such facts as constitute actionable negligence.

Error to the Circuit Court of Gallatin county; the Hon. WILLIAM H. GREEN, Judge, presiding. Heard in this court at the March term, 1913. Reversed and remanded with directions. Opinion filed October 9, 1913. Rehearing denied October 29, 1913.

G. W. PILLOW and BARTLEY & BARTLEY, for plaintiff in error.

J. M. HAMILL and C. P. HAMILL, for defendant in error.

MR. JUSTICE THOMPSON delivered the opinion of the court.

The ruling of the court in sustaining the demurrer to plaintiff in error's declaration is the only error complained of in this case.

The declaration, which is of many counts and great length, in substance charges that plaintiff in error's intestate was, while in a drunken condition, received by defendant in error as a passenger on its train at East St. Louis, to be transported to Shawneetown. That his intoxicated condition was apparent and known to defendant in error's servants at the time he was so received as a passenger. That his state of intoxication increased after he was aboard the train and that when the train reached the town of Ashley, situated about fifty miles from East St. Louis, he was in such a state of intoxication that he was mentally in-

capable of caring for himself, and that defendant, knowing his said condition permitted him to leave its car and wander upon its platform at said station and that when he attempted to re-enter said car while it was still standing motionless on its tracks the defendant in error, by its servants, wilfully and negligently refused to permit him to re-enter its car and continue his journey, but then and there abandoned him leaving him on the said platform in said drunken condition, knowing that he was by reason thereof unable to care for himself.

That the place he was so abandoned was a dangerous one, being the point where the defendant in error's tracks were crossed by the tracks of the Illinois Central Railroad. That the said dangerous place was well known to defendant in error. That he was abandoned there about nine o'clock P. M., and that about four o'clock the following morning plaintiff in error while still in said intoxicated condition wandered on the tracks of the Illinois Central Railroad, and was struck and killed by a fast train on said road without negligence of the agents and servants of said road. That the abandonment of the deceased at such a dangerous place while he was, through such intoxication, mentally incapable of caring for himself was the negligence which caused his death.

The facts alleged if proved would warrant a verdict for plaintiff. If the plaintiff was as the declaration alleges, in such a mental state of intoxication as to be incapable of caring for himself, the question of contributory negligence would not be involved in the case. The degree of incapacity from drunkenness would control the question of due care, or negligence of both plaintiff and defendant. If plaintiff was, through intoxication, so bereft of reason that he was without intelligence to care for himself and while in that condition and known by defendant to be in that condition he was abandoned in a known place of danger

where injury would be likely to result, such facts would constitute negligence.

It is a case stated and not a question of insufficient proof with which we are now dealing. We are of the opinion that the declaration states a case. The case of *Burke v. Chicago & N. W. R. Co.*, 108 Ill. App. 565, and cases cited in that opinion, clearly sustain the views we have expressed in this case.

The trial court should have overruled the demurrer, and for this error the cause is reversed and remanded with directions to overrule the demurrer.

*Reversed and remanded with directions.*